UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM ARTHUR SMITH,

Plaintiff,

v. Case No. 3:26-cv-1610-JEP-PDB

NASSAU COUNTY BOARD OF COUNTY COMMISSIONERS, et al.,

Defendants.

---

**ORDER**

Plaintiff William Arthur Smith, an inmate of the Florida Department of Corrections ("**FDOC**"), is proceeding on a pro se Civil Rights Complaint Form ("**Complaint**," Doc. 1).[1] Plaintiff appears to sue sixteen Defendants[2] based on

[1] The Complaint was filed, pursuant to the mailbox rule, on June 15, 2026. *See Houston v. Lack*, 487 U.S. 266, 270, 276 (1988).

[2] Defendants include: (1) Nassau County Board of County Commissioners, also identified as "Nassau County et al" (official capacity); (2) Sheriff Bill Leeper (individual and official capacity) with Nassau County Sheriff's Office; (3) Sergeant Deal (individual and official capacity) with Nassau County Sheriff's Office; (4) Sergeant Wohler (individual and official capacity) with Nassau County Sheriff's Office; (5) Nurse Jane Doe (individual and official capacity) with Nassau County Detention Center; (6) Detective Pinkerton (individual and official capacity) with Nassau County Sheriff's Office; (7) Laura Peterson, APRN (individual and official capacity) with Centurion of Florida; (8) Alexis Figueroa, M.D. (individual and official capacity) with Centurion of Florida; (9) Centurion of Florida, LLC (official capacity); (10) FDOC Secretary Ricky Dixon (official capacity); (11) Nassau County Deputy John Doe (individual and official capacity); (12) Nassau County Detention Center Medical Department (official capacity); (13) Nassau County Sheriff's Office; (14) Officer/Sergeant Kutz with Nassau County Sheriff's Office; (15) Nurse Regan with

events that occurred between March 21, 2021 and June 19, 2022, while Plaintiff was either a pretrial detainee at Nassau County Detention Center or an inmate at Cross City Correctional Institution.[3] (*Id.*).

The Prison Litigation Reform Act requires the Court to dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and, therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

---

Nassau County Detention Center; and (16) Nassau County Detention Center. (Doc. 1 at 1–4).

[3] The Court will not address any claims arising from Plaintiff's incarceration at Cross City Correctional Institution, because such claims must be filed in the United States District Court for the Northern District of Florida. Accordingly, the claims against Nurse Peterson, Dr. Figueroa, Centurion, the FDOC, and/or Secretary Dixon will be dismissed without prejudice to refiling in the United States District Court for the Northern District of Florida. (*See* Doc. 1 at 13–15).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). The factual allegations in a complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). All reasonable inferences should be drawn in favor of the plaintiff. *See Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). While "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). Further, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Rehberger v. Henry Cnty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (unpublished but

persuasive) (quotations and citation omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678, 680.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a section 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); *Porter v. White*, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Construing Plaintiff's allegations liberally,[4] the Complaint will be dismissed without prejudice as time-barred and for failure to state a plausible claim for relief. Most of Plaintiff's claims arising from his pretrial detention

---

[4] In assessing a pro se party's pleadings, the court must read the allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham*, 654 F.3d at 1175.

are time-barred. *See Majette v. O'Connor*, 811 F.2d 1416, 1419 (11th Cir. 1987) (stating that "the most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied"); Fla. Stat. § 95.11(3) (providing that the statute of limitations for personal injury cases in Florida is four years). The time-barred claims are based on events that occurred from March 21, 2021 until June 15, 2022.[5] (*See* Doc. 1 at 5–12). It appears[6] that the only claims that are not time-barred are those against Sergeant Deal and Officer Kutz, based on events that occurred on Father's Day, June 19, 2022. (*See* Doc. 1 at 7–8, 11). If Plaintiff wishes to proceed with those claims, he must file an amended complaint focusing his allegations on the events that occurred on June 19, 2022.

In the amended complaint, Plaintiff must give Defendants an adequate notice of the claims by explaining what each Defendant did or did not do as part of the alleged constitutional violations. Plaintiff should keep in mind that the Constitution is not implicated by a defendant's negligent acts. *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Davidson v. Cannon*, 474

[5] These include claims for excessive use of force, failure to protect or intervene, deliberate indifference, medical deliberate indifference, retaliation, destruction of personal property, and violations of due process, equal protection, freedom of speech, and the right to file grievances, which are raised against various Nassau County Defendants.

[6] While Plaintiff does not allege any dates for Detective Pinkerton's involvement in the alleged constitutional violations, there are no discernible, plausible claims alleged against this Defendant. (*See* Doc. 1 at 12, 15).

U.S. 344, 348 (1986). Further, Plaintiff should not include any unrelated claims in the amended complaint. *See* Fed. R. Civ. P. 20(a)(2) (stating that a complaint may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action").[7]

In addition, to the extent Plaintiff intends to raise official-capacity claims, he should know that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S 658, 690 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Therefore, a suit against Sergeant Deal and/or Officer Kutz in their official capacities would be equivalent to suing the Nassau County Sheriff's Office or Nassau County Detention Center. However, neither a sheriff's office nor a jail facility is a legal entity subject to suit under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (affirming dismissal of a § 1983 action against the sheriff's department); *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (unpublished but persuasive) ("Florida law has not established

[7] Plaintiff is reminded that the amended complaint should not include any claims that he may have against the FDOC and its employees.

Sheriff's offices as separate legal entities with the capacity to be sued."); *Maldonado v. Baker Cnty. Sheriff's Off.*, 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021) ("[A] sheriff's office, jail, or detention center is not an entity subject to suit under Florida law."). Therefore, any official-capacity claims against Sergeant Deal and/or Officer Kutz would be subject to dismissal.[8]

Plaintiff is also cautioned that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." *Id.* Supervisory liability arises under § 1983 only "when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between actions of a supervising official and the alleged constitutional deprivation." *Id.* Therefore, the amended complaint

[8] This applies equally to the official-capacity claims asserted against the Nassau County Defendants in the Complaint. Further, to the extent Plaintiff attempts to raise a municipal liability claim, he fails to allege that any municipal custom, policy, or practice was the "moving force" behind any alleged constitutional violation. *Monell*, 436 U.S. at 694; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (stating that a plaintiff "must identify a municipal policy or custom that caused his injury").

should not include any individual-capacity claims premised solely on Defendants' supervisory roles.[9]

In addition, the amended complaint should comply with the following requirements:

1. The pleading must be marked, "Amended Complaint."

2. The pleading must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3. The pleading must legibly state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The pleading must include current addresses for each defendant.

5. In section IV, "Statement of Claim," there must be a clear description of how *each* defendant was involved in the alleged violation(s). Plaintiff should concentrate his efforts on factually describing the actions or inactions of the named defendants which resulted in an alleged violation of his federally protected rights. Vague and conclusory statements are insufficient. Additionally, while background information may be helpful, Plaintiff should focus his factual allegations solely on the actions or inactions of the named Defendants. Diary-like allegations are unhelpful and confuse the issues. The allegations must be stated in numbered paragraphs, each limited to a single set of circumstances.

6. The claims raised in the amended complaint must be related, meaning the claims must arise from the same basic issue or

[9] Insofar as Plaintiff attempts to hold any supervisory official, such as Sheriff Leeper, liable in his individual capacity, the Complaint fails to state a plausible claim for relief. (Doc. 1 at 11, 13, 16).

incident. Any unrelated claims must be raised in a separate lawsuit.

7. In section V, "Injuries," there must be a statement concerning how each defendant's action or omission injured Plaintiff.

8. In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.

9. In section VII, "Exhaustion," Plaintiff must explain the steps he took to exhaust each claim.

10. The amended complaint must be complete, including all related claims Plaintiff wishes to raise, and must not refer back to his prior complaint.

Plaintiff is further advised that a district court may dismiss a case when a prisoner misrepresents his litigation history. *See, e.g.*, *Jenkins v. Hutcheson*, 708 F. App'x 647, 648, 649 (11th Cir. 2018) (unpublished but persuasive) (finding "the district court was entitled to dismiss [a plaintiff's] complaint based on his failure to fully disclose his litigation history," even where the plaintiff's conduct was unintentional). Plaintiff must list every lawsuit he has filed in state or federal court dealing with the same facts involved in this case or otherwise relating to the conditions of his detention or imprisonment. Failure to do so may result in the dismissal of this case for abuse of the judicial process.

Plaintiff must ensure that his handwriting is clear and readable. He must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

The amended complaint will supersede the original Complaint and will become the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, the amended complaint must be complete and must not refer to the original Complaint.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**. If Plaintiff wishes to proceed with this action, he must use the Court-approved form to file an amended complaint and he must either pay the filing fee or submit an application to proceed *in forma pauperis* within **thirty (30) days** of the date of this Order. The amended complaint should focus on the events that occurred on June 19, 2022 involving Sergeant Deal and/or Officer Kutz, and should not include any unrelated claims. Specifically, the amended complaint should not include any claims against Nurse Peterson, Dr. Figueroa, Centurion, the FDOC, and Secretary Dixon, which may be refiled in the United States District Court for the Northern District of Florida. If Plaintiff does not file an amended complaint or otherwise comply with this Order by the deadline, this case may be dismissed without further notice.

2. The **Clerk** shall send Plaintiff a civil rights complaint form and an application to proceed *in forma pauperis* (prisoner filings).

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
William Arthur Smith, #Y71675